**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMANA GLOBAL COMPANY; HAFID TAHRAOUI, | No. 23-3154 |
| Plaintiffs - Appellants, | D.C. No. 2:21-cv-00637-MLP |
| v. | MEMORANDUM* |
| COUNTY OF KING; JOSH BALDI; JOHN TAYLOR; MICHAEL MURPHY; LINDA HOLECEK; BRAD SCHABERT; KING COUNTY FLOOD CONTROL DISTRICT; HDR, INC.; MVA, LLC; MARCO VARGAS, Jr., | |
| Defendants - Appellees, | |
| and | |
| BRAD THOMAS, DARYL ROOT, PAUL GOULD, | |
| Defendants. | |

Appeal from the United States District Court
for the Western District of Washington
Michelle L. Peterson, Magistrate Judge, Presiding

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted July 22, 2026[]

Before: O'SCANNLAIN, SILVERMAN, and RAWLINSON, Circuit Judges.

Hafid Tahraoui, as sole proprietor of Amana Global Company, (plaintiffs) appeal pro se from the district court's summary judgment in favor of King County, Josh Baldi, John Taylor, Michael Murphy, Linda Holecek, and Brad Schabert in this action arising out of the County's condemnation of plaintiffs' leasehold interest in a warehouse. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment and application of issue and claims preclusion. *Sec. & Exch. Comm'n v. Stein*, 906 F.3d 823, 828 (9th Cir. 2018) (summary judgment and issue preclusion); *Wojciechowski v. Kohlberg Ventures, LLC*, 923 F.3d 685, 689 (9th Cir. 2019) (claims preclusion). We affirm.

Summary judgment was proper on the claims seeking declaratory judgment that: (1) the County's failure to provide additional notice and relocation benefits violated procedural due process and (2) as applied, the Washington State Relocation Assistance Act[1] notice and benefit provisions conflicted with the

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Wash. Rev. Code § 8.26, *et seq.*

23-3154

Uniform Relocation Act[2] notice and benefit provisions. Issue preclusion bars these claims because the state court already found that plaintiffs were unlawful occupants with no statutory property interest in the warehouse after their lease terminated on November 12, 2019. *See Sprague v. Spokane Valley Fire Dep't*, 409 P.3d 160, 183 (Wash. 2018) (en banc) (explaining when issue preclusion applies under Washington law). Without a protected property interest, plaintiffs could not prevail on their procedural due process claim. *See Ingraham v. Wright*, 430 U.S. 651, 672 (1977) (holding that the procedural guarantees of the Fourteenth Amendment's Due Process Clause apply only when a constitutionally protected liberty or property interest is at stake). In addition, the relocation laws do not apply to plaintiffs because the state court found that they were unlawful occupants. 42 U.S.C. § 4601(6)(B)(i); 49 C.F.R. § 24.2(a); Wash. Rev. Code § 8.26.020(4)(c)(i); Wash. Admin. Code § 468-100-002(9)(b)(xii) (2019).

The district court properly held that the remaining procedural due process, equal protection, and related conspiracy claims are barred by claims preclusion. The state court decided similar claims on the merits in an action involving the same parties or parties in privity. *See Rains v. State*, 674 P.2d 165, 168 (Wash. 1983) (en banc) (explaining when claims preclusion applies under Washington

---

[2]Uniform Relocation Assistance and Real Property Acquisition Policies for Federal and Federally Assisted Programs Act. 42 U.S.C. § 4621, *et seq.*

law); *Neighbors v. King Cnty.*, 479 P.3d 724, 729 (Wash. Ct. App. 2020) (explaining that res judicial bars claims that were raised or could have been raised in the prior proceeding).

The district court did not abuse its discretion by denying leave to amend the complaint because plaintiffs were not diligent in seeking amendment. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607, 609 (9th Cir. 1992) (setting forth the standard of review and explaining that Rule 16's good cause standard "primarily considers the diligence of the party seeking the amendment.").

We decline to consider matters not specifically and distinctly raised in the opening brief or in the district court. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**